PREGERSON, J., dissenting:
Fibromyalgia is a poorly understood disease within the medical community and poses challenges to disability determinations.[1] I disagree with the majority’s conclusion that the ALJ’s decision in this fibromyalgia ease was supported by substantial evidence. I would remand to the district court with instructions to remand to the Commissioner for a new assessment of Blair-Bain’s residual functional capacity.
The ALJ erred when she discounted the opinions of the specialists who examined and treated Blair-Bain. This court has “made it clear that the medical opinions of a claimant’s treating physicians are entitled to special weight and that, if the ALJ chooses to disregard them, ‘he must set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.’ ” Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986)). Furthermore, the Commissioner “generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.” 20 C.F.R. § 404.1527(d)(5). “Specialized knowledge may be particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community.” Benecke, 379 F.3d at 594 n. 4. “Rheumatology is the relevant specialty for fibromyalgia.” Id.
I disagree with the majority’s conclusion that the determination not to credit the opinions of Dr. Kemple and Dr. Deodhar— both rheumatologists and therefore specialists in the relevant field — was supported by substantial evidence. The ALJ erred by attributing no weight to the opinions of Dr. Kemple and Dr. Deodhar because her decision to discredit their opinions was not based on “specific, legitimate reasons.” Embrey, 849 F.2d at 421 (em *89 phasis added). With respect to Blair-Bain’s fibromyalgia, the ALJ only credited treating rheumatologist Dr. Kemple’s opinion to the extent that Dr. Kemple reported that Blair-Bain’s subjective pain reports were consistent with fibromyalgia. The ALJ gave examining rheumatologist Dr. Deodhar’s assessment of fibromyalgia “no weight as it is merely a recitation of impairments provided by the claimant, allegedly based on a 10-year history that is uncorroborated in any fashion.” The ALJ further discredited the diagnosis of fibro-myalgia altogether, asserting that it is “nothing more than recitations of [Blair-Bain’s] subjectively reported history.”
To the contrary, Dr. Kemple and Dr. Deodhar properly utilized the limited means available for diagnosing fibromyal-gia. Diagnosing fibromyalgia is different from diagnosing other diseases for which there are diagnostic tests. See Sarchet, 78 F.3d at 307 (observing the “unavailability of objective clinical tests” to determine the severity of fibromyalgia). Furthermore, the ALJ makes no mention of the fact that Dr. Kemple and Dr. Deodhar are both rheumatologists. They are specialists in the field relevant to fibromyalgia, and as such their opinions are generally given more weight. Benecke, 379 F.3d at 594 n. 4; 20 C.F.R. § 404.1527(d)(5). The ALJ did not explain why greater weight was not afforded them opinions in this case. Instead, the ALJ gave neither rheumatologist’s opinion the weight it deserved.
I also do not agree that substantial evidence supported the ALJ’s conclusion that Blair-Bain was engaged in significant activities of daily living. The evidence does not show that Blair-Bain’s limited daily activities took up a “substantial part” of her day or that they would be “transferable to a work setting.” Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir.2001).
I would remand this case to the ALJ to reassess Blair-Bain’s residual functional capacity.

. As we have observed, "[Qibromyalgia’s cause is unknown, there is no cure, and it is poorly-understood within much of the medical community." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir.2004). See also Sar-chetv. Chater, 78 F.3d 305, 306 (7th Cir. 1996) (stating that "[o]f greatest importance to disability law, [fibromyalgia’s] symptoms are entirely subjective.”) Fibromyalgia "is diagnosed entirely on the basis of the patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis." Benecke, 379 F.3d at 590. To affirm the ALJ's adverse credibility determination, the majority relies on the "lack of objective medical evidence” supporting Blair-Bain’s testimony of her limitations. Given that fibromyalgia’s symptoms are subjective and clinical tests are unavailable, I cannot agree with the majority's reasoning.